UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BENJAMIN CHRISTOPHER<br>CARRAWAY, ESQ.<br>c/o Law Office of Jeffrey L. Light<br>1712 Eye St., NW, Suite 915<br>Washington, DC 20006,<br>and those similarly situated,<br><br>           PLAINTIFFS<br>    vs.<br><br>JOHN DOE MPD OFFICERS,<br>in their individual capacities,<br><br>JOHN DOE PARK POLICE OFFICERS,<br>in their individual capacities,<br><br>and<br><br>PETER NEWSHAM, Interim Chief of Police,<br>in his individual capacity,<br><br>           DEFENDANTS | Judge _____<br>Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION** |

**COMPLAINT**

THE PARTIES

1.      Plaintiff Benjamin Christopher Carraway, Esq. is a criminal defense attorney in Colorado.

2.      Plaintiff Mr. Carraway files this suit on behalf of himself and those similarly situated.

3.      Defendant John Doe MPD Officers are Metropolitan Police Department Officers who are being sued in their individual capacities.  At all times relevant to this

1

Complaint, John Doe MPD Officers were acting under color of District law within the scope of their employment with the District of Columbia.

4.      In the alternative, John Doe MPD Officers were acting under color of federal law.

5.      Defendant John Doe Park Police Officers are U.S. Park Police Officers who are being sued in their individual capacities.  At all times relevant to this Complaint, John Doe Park Police Officers were acting under color of federal law within the scope of their employment with the federal government.

6.      In the alternative, John Doe Park Police Officers were acting under color of District law.

7.      Defendant Peter Newsham is being sued in his individual capacity. Peter Newsham is and was at all times relevant to the Complaint the Interim Chief of the Metropolitan Police Department.

8.      Chief Newsham was previously a defendant in the mass arrest of protesters at Pershing Park in 2002 and claimed that he ordered the roundup.

## JURISDICTION AND VENUE

9.      This action arises under 42 U.S.C. § 1983 and *Bivens*.

10.      This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. § 1331 and § 1367(a).

11.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to this action occurred in the District of Columbia.

## STATEMENT OF FACTS

12.      On January 20, 2017, Donald John Trump was sworn in as the forty-fifth president of the United States.

13.     The circumstances of President Trump's election, his policy positions, and his outrageous comments during the election have provoked widespread criticism.

14.     On January 20, 2017, Americans from all walks of life came to Washington, D.C. to voice their opposition to the extremist agenda of the incoming president.

15.     Around the time of Trump's swearing in, John Doe MPD Officers and John Doe Park Police officers surrounded individuals who were at or near 12th & L St., NW.

16.     Without warning and without any dispersal order, the police officers kettled all of the plaintiffs.

17.     Defendants included in the kettle not only protesters who had engaged in no criminal conduct, but also members of the media, attorneys, legal observers, and medics.

18.     Defendants proceeded to indiscriminately and repeatedly deploy chemical irritants, attack the individuals with batons, and throw flash-bang grenades at the kettled individuals.

19.     Mr. Carraway and the members of the class are individuals who were subjected to this outrageous conduct by the defendants for no legitimate law enforcement reason.

20.     None of the plaintiffs who are members of this class destroyed or attempted to destroy property, assaulted or attempted to assault any individuals, rioted, or in any way would have appeared to the police to have been breaking the law. Further, many of the members of the class were peacefully protesting.

21. Defendants John Doe MPD Officers and John Doe Park Police Officers kettled Mr. Carraway and the members of the class without individualized probable cause to believe that Mr. Carraway or any other member of the class had engaged in any criminal conduct, and without any reason to believe that the kettled individuals were acting as a unit.

22. With full knowledge that they lacked probable cause to arrest the kettled individuals, Defendants John Doe MPD Officers and John Doe Park Police Officers nevertheless announced to the plaintiffs that they were under arrest.

23. In truth and in fact, the plaintiffs were under arrest at the time of the announcement.

24. Although some plaintiffs were released without being handcuffed and taken to a police station, they were nevertheless under arrest because they were not free to leave and the defendants' actions, which occurred over hours, exceeded anything that could be considered a *Terry* stop or mere detention.

25. At the time the plaintiffs were placed under arrest, Defendants John Doe MPD Officers and John Doe Park Police Officers lacked probable cause to effect the arrests.

26. Defendants John Doe MPD Officers and/or John Doe Park Police Officers deployed a large amount of chemical irritants against the plaintiffs, as well as struck multiple plaintiffs with their batons, and deployed flash-bang grenades.

27. The use of chemical irritants against Plaintiffs, the use of the batons against Plaintiffs, and the deployment of flash-bang grenades under the circumstances constituted unreasonable and excessive force.

28.     On information and belief, Chief Newsham ordered, caused to be ordered, and/or condoned the illegal mass arrest and use of excessive force.

29.     As a result of Defendants' actions, Mr. Carraway and the other members of the class suffered physical and emotional injury, as well as loss of liberty.


## CLASS ACTION ALLEGATIONS


30.     Mr. Carraway on behalf of himself and the Class brings this action under Rules 23(a), 23(b)(1) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of each person who: (i) was arrested on January 20, 2017 in the group of individuals described in this Complaint; and/or (ii) had chemical irritants deployed against them and/or were struck with a baton and/or were subjected to flash-bang grenades.

31.     Certification of this Class under Federal Rule of Civil Procedure 23(b)(1) is appropriate, because prosecuting the actions separately would create a risk of inconsistent verdicts establishing incompatible standards of conduct for police officers with respect to a single incident.

32.     Certification of a Class under Federal Rule of Civil Procedure 23(b)(3) is also appropriate, in that common questions of law and fact predominate over any individual questions, and class action treatment is superior for the fair and efficient adjudication of these class claims as detailed below.

33.     The Class is entitled to monetary relief.

34.     Regarding Mr. Carraway and the other members of the Class, there are no individual questions on the issue of liability.

35.     Among the questions of law and fact common to the Class are:

whether law enforcement officers may constitutionally arrest an undifferentiated group of protesters without either individualized probable cause or probable cause to believe that the group as a whole acted as a unit;

whether law enforcement officers may constitutionally deploy chemical irritants and/or strike with batons and/or throw flash-bang grenades at protesters who were non-violent, were not fleeing, and posed no danger to officers or others.

36.     The proposed Class is so numerous that joinder of all members is impracticable.  The exact number of class members is unknown at this time but is estimated to be at least 30 people.

37.     Mr. Carraway's claims are typical of the claims of the other members of the Class, because Mr. Carraway and all other members of the Class were injured by exactly the same means, that is, by the same unconstitutional arrest and use of excessive force.

38.     Mr. Carraway on behalf of himself and the Class will fairly and adequately protect the interests of the members of the Class and has retained counsel who is competent and experienced in complex federal civil rights class action litigation.


COUNT I:
VIOLATION OF THE FOURTH AMENDMENT (FALSE ARREST)

39.     This Count realleges and incorporates by reference each of the previous paragraphs.

40.     Defendants John Doe MPD Officers and John Doe Park Police Officers did intentionally and unlawfully arrest the plaintiffs without probable cause.

41.     Defendants John Doe MPD Officers and John Doe Park Police Officers did intentionally and unlawfully arrest the plaintiffs without probable cause.

42.     As a result of Defendants' actions, the plaintiffs suffered damages, including mental anguish, pain, and physical injuries.


<u>COUNT II:</u>
<u>FOURTH AMENDMENT (EXCESSIVE FORCE)</u>


43.     This Count realleges and incorporates by reference each of the previous paragraphs.

44.     Defendants John Doe MPD Officers and John Doe Park Police Officers did intentionally and unlawfully use excessive force against the plaintiffs by deploying a large amount of chemical irritants and/or striking the plaintiffs with their batons and/or using flash-bang grenades.

45.     The force used by John Doe MPD Officers and John Doe Park Police Officers was unreasonable and excessive under the circumstances.

46.     As a result of Defendants' actions, the plaintiffs suffered damages, including mental anguish, pain, and physical injuries

47.     No reasonable officer under the circumstances would have used the amount of force that was used by the defendants.


<u>JURY TRIAL DEMANDED</u>

Plaintiffs demand a jury on all issues which may be properly tried by jury.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' conduct to be unlawful;

(2) Order the expungement of any and all records of Plaintiffs' arrests;

(3) Award Plaintiffs compensatory and punitive damages in an amount to be

determined at trial;

(4) Grant Plaintiff an award of attorney fees and other litigation costs reasonably

incurred in this action;

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

  /s/ Jeffrey Light_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*